KATZMANN, Circuit Judge,
concurring:
I concur in the majority’s conclusions that Starbucks’s decision to discharge Daniel Gross was lawful and that its enforcement of its one button dress code was not an unfair labor practice. I also concur in the majority’s decision to remand the issue of Joseph Agins’s discharge to the Board for further consideration. I write separately, however, to note my disagreement with the majority’s conclusion that the four-part test articulated in Atlantic Steel Co., 245 N.L.R.B. 814 (1979), is not applicable to a situation in which the employee utters a profane word in the presence of customers.
I certainly agree that an employee’s use of profanity on store premises in front of customers constitutes serious misconduct, and that an employer may legitimately discipline an employee who engages in such conduct. Indeed, when an outburst takes place in front of customers on store premises, the Board may reasonably conclude that this factor weighs so heavily against protection as to prove essentially dispositive in certain cases.
Nonetheless, with great respect for the majority opinion, it is not clear to me why we must instruct the Board to abandon the Atlantic Steel test in its entirety, an outcome urged by neither party in this case. Even if Atlantic Steel has heretofore been applied to incidents arising in the workplace outside the presence of customers, it does not necessarily follow that this test was meant to apply only to that circumstance. Indeed, it appears that the presence of customers fits well within the existing framework as an important factor to be considered under the “place of discussion” prong of the Atlantic Steel test. Moreover, I am not convinced that the remaining factors become irrelevant simply because the outburst occurred within earshot of customers. In my opinion, the subject matter of the discussion, the nature of the employee’s outburst, and whether the outburst was provoked by an employer’s unfair labor practice could, in fact, prove highly relevant in certain situations. A balancing approach, in my view, is a prudent method of resolving these highly fact-specific cases, and I therefore believe that the Board’s decision to apply the Atlantic Steel test to the facts of this case was eminently reasonable.
But in light of the Court’s conclusion that the Atlantic Steel test is inapplicable to the facts of this case, I concur in its decision to remand and allow the Board to consider in the first instance the appropriate standard for the customer context and, if necessary, find the additional relevant facts.